STATE ex rel. DENTAL SOCIETY OF STATE OF NEW YORK v. JACOBS,
                          County Clerk.

(Supreme Court, Appellate Division, Third Department.   March 8, 1905.)

1. DENTISTS—VALIDITY OF REGISTRATION.
    Laws 1895, p. 419, c. 626, § 160, provides that no person shall be deemed
    licensed to practice dentistry except those who were licensed and reg-
    istered prior to August 1, 1895, pursuant to the laws in force at the time
    of their license and registration, and those licensed and registered after
    that date pursuant to this chapter.   Section 162 (page 420) provides that
    every person practicing dentistry in this state shall register in the office
    of the clerk of the county where his place of business is located, which
    registration he shall be entitled to make only on showing to the clerk his
    license, or a duly authenticated copy thereof, and make an affidavit stat-
    ing his name, age, birthplace, the number of his license, and the date of
    its issue; that he is the identical person named in the license; that before
    receiving the same he complied with all the requirements of this statute
    and the rules of the regents and board as to the terms and the amount
    of study and examination; that no money other than the fees prescribed
    by this statute and rules was paid directly or indirectly for such license;
    and that no fraud, misrepresentation, or mistake in a material regard was
    employed or occurred in order that such license should be conferred.
    Held, that a person not licensed as a dentist prior to August 1, 1895, is
    required to obtain a license from the regents to entitle him to registration,
    and a registration is void if obtained on an affidavit giving his name, age,
    and address, and stating that the authority by which he is practicing den-
    tistry within the state was conferred on him by a diploma from a dental
    college in another state.

2. MANDAMUS—CANCELLATION OF PUBLIC RECORDS.
    In the absence of a statutory authority in a county clerk to expunge
    from the register the name of a person who registered as a duly licensed
    dentist, mandamus will not lie to require a clerk to cancel a registration
    made by his predecessor in office, on the ground that it was procured on an
    insufficient license and affidavit, under Laws 1895, p. 418, c. 626.

    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Physicians and
    Surgeons, § 15.]

Appeal from Special Term, Rensselaer County.

Application, on the relation of the Dental Society of the State of
New York, for a writ of mandamus to Jacob V. Jacobs, clerk of the
county of Rensselaer.   From an order denying the writ, relators appeal.
Affirmed.

Appeal by the Dental Society of the State of New York from an order of
the Columbia Special Term dated the 24th day of June, 1904, and entered in
the office of the clerk of the county of Rensselaer on the 5th day of July,
1904, denying the relator's motion that a peremptory mandamus be issued, di-
recting the clerk of said county of Rensselaer to cancel and erase from the
records and files of said clerk's office the entry of the name of William E.
Walker on the book of registry of dentists of said county, and also the affi-
davit of said Walker dated August 19, 1895, and now upon a book of registry
of dentists in said office.

On the 19th day of August, 1895, said William E. Walker made an affidavit
before the clerk of the county of Rensselaer, a copy of which, other than the
formal parts, is as follows:  "William E. Walker, being duly sworn, deposes
and says that his name is William E. Walker, that his age is 33, and that the
legal authority by which he is practicing dentistry within this state was con-
ferred upon him by diploma from Wisconsin Dental College,  *  *  *  dated
May 5, 1893."   It is claimed that such affidavit has been changed, and that
in 1900, and prior thereto, the date of the diploma, as stated in the affidavit,

was "May 5, 1883." The affidavit is partly printed and partly written on a page of a bound volume kept by said clerk in his office. Upon said affidavit said William E. Walker was on said 19th day of August, 1895, registered in a book in said office known as "Dentist's Registry." Said book is ruled in columns, and the entries therein relating to said Walker are as follows: "In the column headed 'Date of Registration,' the word and figures 'August 19, 1895'; in the column headed 'Name,' the words 'William E. Walker'; in the column headed 'Post Office Address,' the figures and words '32 Fourth st.'; in the column headed 'P. O. Address" are the words and letters 'Troy, N. Y.' " Said Walker continued in the practice of dentistry in the said county of Rensselaer for several years, and is now practicing dentistry in Columbia county. He has never been licensed by the regents of the University of the State of New York. The Wisconsin Dental College was not on the 19th day of August, 1895, nor at any time prior thereto or since, a registered dental school. It is claimed that the Wisconsin Dental College sold its diplomas, and that said Walker purchased a diploma from said college for $50. In 1900 said Walker was notified by the Dental Society of the State of New York that he was not licensed in conformity with the public health law, and that he must cease practicing as a dentist. It appears that thereafter, and on the 12th day of March, 1900, said Walker made an application by petition to the Supreme Court "that he be permitted to file the certificate of study under private preceptorship with the Secretary of the State Dental Society required of students of dentistry prior to the passage of chapter 626, p. 418, of the Laws of 1895 of the state of New York, and that such certificate be so filed nunc pro tunc as of July 31, 1893, and that he be further permitted to file his notice that he intends to avail himself of the exemption provided for in chapter 626 of the Laws of the state of New York enacted for the year 1895, with the board of regents of the University of the State of New York, nunc pro tunc as of September 1, 1895." In such petition said Walker stated that he had been a student of dentistry continuously since 1888; that he was a student of a person named, at Pittsfield, Mass., from November, 1888, to September, 1892, and with a duly licensed practitioner of dentistry in Troy, in this state, from September, 1892, until July 1, 1899, with the exception of the year 1895, when he was a student and employé with another duly licensed practitioner of dentistry in the state of New York, doing business at Albany, and that the petition was made in pursuance to a suggestion made to him by the secretary of the board of regents of the University of the State of New York. An order was granted at the Special Term in accordance with the prayer of the petition, but said Walker never presented himself for examination. On the 4th day of November, 1901, said Walker made an affidavit before the county clerk of Columbia county in which he stated, among other things, that he had a license issued August 19, 1895, and that he had complied with all the preliminary requirements of chapter 626, p. 418, Laws 1895, and the rules of the regents and the board of dental examiners of the state of New York as to the terms and amount of study and examinations. He did not present a certificate showing that the original registration was of an authority issued under seal by the regents, and the certificate was not indorsed by the regents as entitled to registration. See section 162, art. 9, c. 661, p. 1549, Laws 1893, as amended by chapter 626, p. 420, Laws 1895, chapter 297, p. 247, Laws 1896, and further amended and renumbered as section 169 by chapter 215, p. 513, Laws 1901. He was registered in Columbia county.

On the 30th day of March, 1903, an act was introduced in the Assembly of the state of New York to legalize, ratify, and confirm the registration of Walker as a dentist in the county of Rensselaer, but the proposed act did not become a law. Criminal proceedings were commenced against the said Walker in the counties of Rensselaer and Columbia for illegally practicing as a dentist in said counties, respectively. The grand jury failed to indict said Walker in either county. The reason, as stated by the district attorney of one of said counties, was that, so long as the name of Walker appeared upon the registry of licensed dentists in the county clerk's office, the grand jury were unwilling to find a bill of indictment against him. Thereafter a demand was made upon the clerk of the county of Rensselaer by the said board of dental examiners, and also by the commissioner of education on behalf of the

University of the State of New York, that he cancel and expunge from the record said affidavit and said registration. Said clerk refused to comply with such demand without an order of the court therefor. This motion was then made. The notice of motion and a copy of the papers upon which it is founded were personally served upon said clerk and upon William E. Walker. Upon the day upon which the motion came on to be heard, said Walker did not appear, but one of the counsel who had appeared for him in opposition to an application to resubmit the charge against Walker to the grand jury in Columbia county appeared on behalf of the clerk of Rensselaer county, but did not in any way deny the allegations contained in the papers used by the relator on the motion. The motion was denied, "but without prejudice to the bringing of any new proceeding or action in which William E. Walker shall be made a party, or to renewal of this motion." From the order so entered, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

W. A. Purrington, for relator.

CHASE, J. On August 19, 1895, article 9 of chapter 25 of the General Laws, known as the "Public Health Law" (chapter 661, p. 1495, Laws 1893), had been generally amended by chapter 626, p. 418, Laws 1895. Said article relates to the practice of dentistry. As so amended, it provides:

"Licentiates. Only the following persons shall be deemed licensed to practise dentistry: (1) Those duly licensed and registered as dentists in this state prior to the first day of August, eighteen hundred and ninety-five, pursuant to the laws in force at the time of their license and registration. (2) Those duly licensed and registered after the first day of August, eighteen hundred and ninety-five, pursuant to the provisions of this chapter." Section 160, p. 419.

It also provides for a state board of dental examiners (section 161, p. 419), and it also provides that such board shall, in connection with the regents, make rules for the examination of candidates for licenses to practice dentistry. Section 162, p. 420. It also provides who shall be entitled to take such examinations. Section 162. It also provides:

"Licenses. On certification by the board of dental examiners that a candidate has successfully passed the examination and is competent to practice dentistry the regents shall issue to him their license so to practice pursuant to the rules established by them. Upon the recommendation of the board, the regents may also without the examination hereinbefore provided for, issue their license to any applicant therefor who shall furnish proof satisfactory to them that he has been duly licensed to practice dentistry in any state or country after full compliance with the requirements of its dental laws, and has been thereafter lawfully and reputably engaged in such practice for five years next preceding his application: provided, that his preliminary and professional education shall have been not less than that required in this state. The regents may also license any applicant on the certificate of the board that after due investigation or examination it finds his education and professional attainments and experience of not less than five years in actual practice to be together fully equal to the requirements for license in this state. Every license so issued shall state upon its face the grounds upon which it is granted and the applicant may be required to furnish his proofs upon affidavit." Section 162.

It also provides:

"Registration. Every person practicing dentistry in this state and not lawfully registered before this act takes effect shall register in the office of the clerk of the county where his place of business is located in a book kept by

the clerk for such purpose, his name, age, office and post-office address, date and number of his license to practice dentistry, and the date of such registration, which registration he shall be entitled to make only upon showing to the county clerk his license or a duly authenticated copy thereof, and making an affidavit, stating his name, age, birthplace, the number of his license and the date of its issue, that he is the identical person named in the license, that before receiving, the same he complied with all the preliminary requirements of this statute and the rules of the regents and board as to the terms and the amount of study and examinations: that no money, other than the fees prescribed by this statute and rules, was paid directly or indirectly for such license, and that no fraud, misrepresentation or mistake in a material regard was employed or occurred in order that such license should be conferred. The county clerk shall preserve such affidavit in a bound volume and shall issue to every licentiate duly registering and making such affidavit a certificate of registration iu his county, which shall include a transcript of the registration. Such transcript and the license may be offered as presumptive evidence in all courts of the facts stated therein." Section 162.

Since 1895 said article of the public health law has been amended by chapter 297, p. 247, Laws of 1896; chapter 355, p. 1019, Laws 1898; chapter 215, p. 508, Laws 1901 (sections renumbered); and chapter 210, p. 565, Laws 1902. But the changes do not affect the question as to whether the clerk of Rensselaer county rightfully registered said Walker as a dentist on August 19, 1895, and do not in any way confirm or ratify said registration.

As Walker was not duly licensed and registered as a dentist in this state prior to August 1, 1895, it was absolutely necessary for him to obtain a license from the regents of the University of the State of New York, to entitle him to registration after that date. He has never obtained such a license, and the affidavit presented by him to the clerk of Rensselaer county not only did not comply with the statutory requirements, but wholly failed to present to such clerk any authority or justification for registering Walker as a dentist.

Public interest demands that a true register of dentists be kept, and provision is made in the statute to prevent an erroneous registration of dentists, by providing that a county clerk who knowingly shall make or suffer to be made upon the book or register of dentists kept in his office any other entry than is provided for in this section shall be liable to a penalty of $50, to be recovered by the State Dental Society in a suit in any court having jurisdiction. Public Health Law (section 162, c. 661, p. 1549, Laws 1893, as amended by chapter 626, p. 420, Laws 1895; chapter 297, p. 247, Laws 1896; and amended and renumbered as section 169 by chapter 215, p. 513, Laws 1901). The statute makes provision for revoking licenses, and canceling the registration of dentists, when the holders thereof are found guilty of unprofessional or immoral conduct, or of gross ignorance or inefficiency in their profession, or are convicted of a felony. Public Health Law (section 162, c. 661, p. 1549, Laws 1893, as amended by chapter 626, p. 420, Laws 1895; chapter 297, p. 247, Laws 1896; and amended and renumbered as section 169b by chapter 215, p. 514, Laws 1901); but no provision is made in the statute for the revision and correction of the list of registered dentists in the offices of the several county clerks, or for canceling the registration of a dentist who has, by inadvertence

or design, been registered by a county clerk without having been licensed as provided by statute.

While a person cannot practice dentistry, without subjecting himself to punishment, unless he is licensed to practice as such and registered, the remedy for avoiding a possible color of title by reason of an erroneous and illegal registration is not specifically provided. A mandamus is only allowed against a ministerial public officer when a person has a legal right which he is entitled to enforce, and the ministerial public officer whose duty it is to enforce the right refuses to perform his duty. So the right to a mandamus in this case to compel the defendant to cancel the registration of Walker depends upon the question as to whether it was the duty of the defendant, at the request of the relator, to cancel and erase the registration of Walker without the mandamus. It would be dangerous to assume that clerks of courts and of counties, without special statutory authority or regulation or the judg- of a court therefor, are authorized to physically erase and destroy records and remove papers from their files, made by them or by their predecessors in office, upon the suggestion of an individual or of a quasi public corporation that the record or entry should not have been made, or the paper filed. See Matter of Molineux v. Collins, 177 N. Y. 395, 69 N. E. 727, 65 L. R. A. 104.

The registration of Walker in the office of the clerk of the county of Rensselaer was made on the 19th day of August, 1895. The defendant came into office as the clerk of the county of Rensselaer on the 1st day of January preceding the application for this writ, in June, 1904. The defendant was asked by the relator to cancel and expunge from the record in his office the entry of the name of William E. Walker, on the book of registry of dentists in said county, and also to cancel and remove from the files of his office the said affidavit of William E. Walker. We do not think that it was the defendant's public duty to comply with the request. It may be stated, as a general proposition, that the office of the writ of mandamus is to compel the performance of an act which the law specifically enjoins, and not to undo an act already done. 13 Ency. of Plead. & Prac. 497; 19 Am. & Eng. Ency. of Law, 743. The authorities referred to by the relator are based upon a judgment of a court, or upon some statute expressly relating thereto, and authorizing the act which the ministerial officer refused or neglected to perform. Thus, in People ex rel. Livingston v. Taylor, 45 Barb. 129, it was held that a mandamus would lie to the commissioner of jurors to compel him to strike from the list of jurors the name of a person not liable to jury duty. The authority for the writ there considered was section 3, c. 495, p. 734, Laws 1847, which provides that, after notice published as in the statute prescribed, stating that the jury list was "ready for examination and correction," then "the names of all persons found to be exempt from serving as jurors shall be struck from the list and the ground of exemption recorded." In that case there was a legal duty resting upon the commissioner of jurors, and the specific remedy was properly enforceable by mandamus. So, in People ex rel. Ostrander v. Chapin, 105 N. Y. 309, 11 N. E. 510, it was held that a writ of mandamus would issue to compel the Comp-

troller to cancel a tax sale, and refund the purchase money, where the purchaser alleges and presents proof to show that the tax was invalid. This decision rests, however, upon chapter 427 of the Laws of 1855, § 83, which provides:

"Whenever the Comptroller shall discover prior to the conveyance of any lands sold for taxes that the sale was for any cause whatever invalid or ineffectual to give title to the lands sold, the lands so improperly sold shall not be conveyed, but the Comptroller shall cancel the sale and forthwith cause the purchase money and interest thereon to be refunded out of the state treasury to the purchaser, his representatives or assigns."

So, in many cases relating to the cancellation of taxes and tax sales, and for the removal of exempt property from assessment rolls, there is, by virtue of the statute, a legal right in the relators to have the administrative officer perform specific duties for a specific purpose. In other cases where mandamus has been issued to compel the correction of records, the authority for the writ is based upon the fact that, until the record is correctly made, the legal duty resting upon the administrative officer has not been performed.

In this case, when Walker, in August, 1895, presented his affidavit to the clerk, the facts contained therein were wholly insufficient to entitle him to registration, and there was nothing for the clerk to do, no legal duty to perform. The registration was a distinct and completed act, wholly outside of public duty. When a paper is filed in a public office, although the paper is insufficient for the purpose intended, and entries are made by a public officer not authorized by the paper so filed, it cannot be said to be the duty of a successor of such public officer to remove such paper from the files of the office, and cancel the entries made in assumed compliance with such paper, unless there is some statutory authority or judgment of a court of competent jurisdiction therefor. So the failure of the defendant to cancel and expunge the name of Walker from the register of dentists, and to remove from the files of his office the affidavit so made by Walker, was not such a failure to perform a clear ministerial public duty as to require the court to direct by mandamus that such cancellation be made, and that such paper be removed from the files.

We regret that we are unable to reverse the order and direct the cancellation of the registration at this time. Application should be made to the Legislature for authority by the several clerks, under appropriate regulations, to correct the registration of dentists in their several offices, on application therefor, and on notice to the person or persons interested, and for a review of the determination of such clerks by the courts.

The order should be affirmed, without costs. All concur.